IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 23-CR-10030-EFM

ERIC HONORS,

    *Defendant.*

**MEMORANDUM AND ORDER**

    Defendant Eric Honors, while in custody pending the adjudication of charges stemming from his alleged creation of child pornography with his minor stepdaughter, attempted to send multiple letters to his wife—the mother of the minor victim—in violation of this Court's no-contact order.  Defendant tasked another inmate with delivering these letters once the inmate was released, but prison officials acquired the letters as the inmate underwent exit processing.  Defendant now asks the Court to find that the marital privilege of confidential communications protects the content of the letters (Doc. 24).  Because the child abuse exception applies and because Defendant could not have reasonably expected his communications in violation of a no-contact order would remain private, the Court declines Defendant's request.

### I.     Factual and Procedural Background

Defendant is charged with transportation with intent to engage in criminal sexual activity—namely, sexual activity with a minor—in violation of 18 U.S.C. § 2423(a), as well as the production of child pornography, in violation of 18 U.S.C. § 2251(a).  At the detention hearing held on March 6, 2023, the Government orally moved for (1) Defendant's detention pending trial and (2) a no-contact order preventing Defendant from contacting the minor victim or her mother, Defendant's wife.  The Court granted both motions.

Defendant is currently held in custody in Butler County Detention Facility.  From April 9 through 14 of 2023, Defendant drafted several letters addressed to his wife.  The Court has reviewed the letters *in camera*.  At several points in the letters, Defendant asks his wife and the minor victim to make the following statements: that masked men from a cartel came aboard Defendant's truck, held Defendant and the minor victim at gun point, forced them to allow the cartel to use Defendant's truck for transport of illegal narcotics, and forced them to engage in and film sexual activity to ensure their silence.  Defendant pleads with his wife that this is the only way to ensure his release, and that if she does not do so he will plead guilty and kill himself.  Defendant, likely aware that the letters would not be delivered if sent by him because of the no-contact order, gave the letters to fellow inmate Jason Brown, who was scheduled to be released.

According to a Homeland Security investigative report, Brown approached the jail booking desk for out-processing.  Cpl. Maloney, while assisting Brown with out-processing, noticed three sealed, stamped envelopes with no address.  When she inquired why the envelopes were not addressed, Brown became visibly nervous and asked that the envelopes be thrown in the trash.  He then amended his request and asked that they be shredded because they contained important

documents. Cpl. Maloney placed the envelopes in the bin for shredding but retrieved them after Brown had completed out-processing.

The letters were forwarded to the Assistant United States Attorney assigned to this case. The AUSA states she has not read the letters. As noted, the letters were provided to the Court for *in camera* review, after which the Defendant submitted a memorandum of law claiming that the letters were privileged as confidential marital communications. The Government responded that the letters are not privileged because the child abuse exception to the privilege applies and because the Defendant could not have reasonably expected the letters to be private as they were sent in violation of the Court's no-contact order.

## II.     Analysis

There are two varieties of marital privilege: "the confidential communications privilege and the privilege against adverse spousal testimony."[1] Defendant raises the former. The confidential communications privilege protects (1) communications between spouses, (2) made privately, and (3) during a valid marriage.[2] The party seeking to assert the privilege bears the burden of establishing its applicability.[3]

Two of the elements of the privilege are not in dispute. Letters written between spouses clearly constitute "communications," as contemplated by the privilege.[4] And there is no

---

[1] *United States v. Knox*, 124 F.3d 1360, 1365 (10th Cir. 1997).

[2] *See id.* (citations omitted).

[3] *Id.*

[4] *United States v. Troxel*, 564 F. Supp. 2d 1235, 1254 (D. Kan. 2008) (citing *United States v. Montgomery*, 384 F.3d 1050, 1056 (9th Cir. 2004)).

suggestion that the Defendant and his wife were not in a valid marriage at the time he wrote the letters. This leaves the element requiring that the communications were made privately.

"[M]arital communications are presumed to be confidential."[5] This presumption can be overcome, however, by "proof of facts showing that they were not intended to be private," such as the presence of a third person or information that the communications were to be transmitted to a third person.[6]

On one hand, these letters show every indication Defendant intended them to remain private. While he asked a third person to deliver them, Cpl. Maloney observed that the letters were sealed. There is no evidence that Defendant intended to share their contents with any person other than his wife. But on the other, Defendant knew he was subject to a no-contact order with his wife. He very likely knew his letters violated that order and took measures to circumvent the order by requesting that another person deliver the letters for him. Allowing Defendant now to retain the privilege of confidential marital communications is in stark conflict with the policy behind no-contact orders.

The Government cites no authority holding that a person's spousal communications in violation of a no-contact order are outside the scope of the privilege. The Court has found that at least one state recognizes an exception to the marital communications privilege in the case that one spouse violates a no-contact order.[7] And the Federal Rules of Evidence make clear that claims of privilege are governed by "[t]he common law—as interpreted by United States courts in light

---

[5] *Pereira v. United States*, 347 U.S. 1, 6 (1954).

[6] *Id.*

[7] Mass. Gen. Laws ch. 233, § 20 (2018).

of reason and experience" unless federal law or Supreme Court decisions provide otherwise.[8] The Supreme Court has noted the intention of Congress "not to freeze the law of privilege" in place.[9] Rather, federal courts are given "flexibility to make changes on a case by case basis."[10]

Cognizant of this flexibility, the Court holds that a marital communication in violation of a no-contact order is not privileged. The communicant cannot be said to have any expectation of privacy in a communication made in violation of a court order. And it would be deleterious to the purposes of such no-contact orders to privilege communications made in violation of their clear provisions.

The Government urges an additional route to find that the privilege of confidential marital communications does not apply here. The Tenth Circuit has recognized an exception to the confidential marital communications privilege in cases involving the abuse of a minor child within the household.[11] The court reasoned "[i]t would be unconscionable to permit a privilege grounded on promoting communications of trust and love between marriage partners to prevent a properly outraged spouse with knowledge from testifying against the perpetrator of such a crime."[12] This exception is broad and certainly applicable here, a case involving allegations of abuse committed by the Defendant against his minor stepdaughter.

---

[8] Fed. R. Evid. 501.

[9] *Trammel v. United States*, 445 U.S. 40, 47 (1980).

[10] *United States v. Bahe*, 128 F.3d 1440, 1445 (10th Cir. 1997).

[11] *Id.* at 1446.

[12] *Id.*

Under either exception, the result is clear. The letters written by Defendant while in Butler County Detention Facility which he attempted to send in violation of the Court's no-contact order are not privileged under the confidential marital communications privilege.

**IT IS THEREFORE ORDERED** that Defendant's Claim of the Confidential Marital Communication Privilege (Doc. 24) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 23rd day of May, 2023.

*[signature]*

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE